UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **RODNEY WILLIAM ROBINSON,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| v. | ) | No. 3:06cv0243 AS |
| | ) | |
| **WALTER MARTIN,** | ) | |
| | ) | |
| **Respondent** | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 10, 2006, this pro se petitioner, Rodney William Robinson, incarcerated in the Miami Correctional Facility in Bunker Hill, Indiana (MCF) filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on August 24, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). On October 18, 2006, this court extended the time for this pro se petitioner to file a Traverse to December 29, 2006, and as of this time, such has not been filed.

This petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding which issued sanctions including a written reprimand, which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). Also, the sanction included by earned credit time deprivation

of 180 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Disciplinary Hearing Board (DHB) acted in January 2006, and the case was designated as MCF 05-12-0439. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The principal argument appears to be advanced by this pro se petitioner purports to be under the equal protection clause of the Fourteenth Amendment of the Constitution of the United States which has indeed been made applicable to the states. *See Loving v. Virginia*, 388 U.S. 1 (1967). Beyond any doubt, the taking of DNA from prisoners can be very important, not only to prisoners, but also to prison administrators. In some areas of prison administration, including persons subject to the death penalty, DNA has become a major factor in determining actual innocence. There is no doubt that the administration of DNA is an authorized activity of prison administrators in the State of Indiana. There is also no showing here that this petitioner was not the proper subject of a DNA test. Neither is there any showing that the persons employed at the MCF were not qualified to administer this particular test. This court has taken the trouble to look at Indiana Code 10-13-6-8 and fails to understand how its provisions aid this pro se petitioner in this case. This petitioner is an incarcerated felon under the law of Indiana and he is hard pressed to demonstrate his "right"

2

to refuse a DNA test in this particular state correctional facility. He has not done so.

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on per se on the violations of state law under *Estelle v. McGuire*, 502 U.S. 62 (1991).

The Attorney General also raises a technical argument which appears to have some merit but is not crucial to the decision in this case. The assertion is that this petitioner may have raised some issues here that were not raised administratively and particularly not raised with the so-called Faculty Head.

When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:**  January 8, 2007

                                                            S/ ALLEN SHARP
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**